# United States District Court
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| **Deutsche Bank National Trust Company, as trustee of Argent Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-W5 under the Pooling and Servicing Agreement dated as of November 1, 2005** | : : : : : : : | **Case No. 1:06-cv-01106**<br><br>**District Judge Patricia A. Gaughan** |
| **Plaintiff** | : : : | **SUMMARY JUDGMENT AND DECREE IN FORECLOSURE** |
| **vs.** | : : : | |
| **Elaine A. Belanger, et al.** | | |
| **Defendants.** | | |

UNITED STATES DISTRICT JUDGE PATRICIA A. GAUGHAN

This matter is before the Court on the motion of Plaintiff Deutsche Bank National Trust Company, as trustee of Argent Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-W5 under the Pooling and Servicing Agreement dated as of November 1, 2005's Motion for Summary Judgment and Decree in Foreclosure, to obtain judgment against Elaine A. Belanger and Woodrow L. Belanger, aka William Belanger as described in the Complaint, to foreclose the lien of the Mortgage securing the obligation of such Note upon the real estate described herein, and to require all parties to set up their claims to the real estate or be barred.

The Court takes the allegations contained in the Complaint as true, including that there is due and owing to the plaintiff from the defendant, Elaine A. Belanger, upon the subject Note the principal balance of $98,530.59, for which judgment is hereby rendered in favor of the Plaintiff, with interest at the rate of 7.763 percent per annum from December 1, 2005, together with late charges, plus advances, if any, made by Plaintiff to protect its interest in the Property, plus costs

and expenses incurred by plaintiff to enforce its rights under the subject Note and Mortgage.

The Court finds on the basis of Plaintiff's complaint, the answers filed in this action, and the evidence submitted, including the affidavit and exhibits filed by Plaintiff in support of its Motion for Summary Judgment ("Plaintiff's Affidavit"), that there are no genuine issues of material fact in this action and that Plaintiff is entitled to judgment in its favor as a matter of law.

The Court further finds that reasonable minds can come to but one conclusion, which is adverse to Mortgagors, and therefore grants Plaintiff's Motion for Summary Judgment.

The Note is secured by the Mortgage held by the Plaintiff, which mortgage constitutes a valid and first lien upon the following described premises (the "Property"):

Situated in the City of Maple Heights, County of Cuyahoga and State of Ohio:

And known as being Sublot No. 1194 in The Crawford Realty Company's Maple Heights Subdivision No. 2, part of Original Bedford Township Lot No. 14, as shown by the recorded plat in Volume 96 of Maps, page 20 of Cuyahoga County Records, and being 40 feet front on the Easterly side of Hollywood Avenue and extending back of equal width 105 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

Parcel Number:  783-07-072

Commonly known as:  5417 Hollywood Avenue, Maple Heights, Ohio

Taking as true the allegations contained in Plaintiff's complaint, the Court finds that the Mortgage was filed for record on October 4, 2005, and recorded as Instrument Number 200510040974 in the Cuyahoga County Recorder's Office; that the mortgage, together with the Note, was assigned to the Plaintiff by an Assignment of Mortgage filed for record on May 16, 2006 as Instrument Number 200605160080 in the Cuyahoga County Recorder's Office; that the conditions of said Mortgage have been broken; and that Plaintiff is entitled to have the equity of redemption of the defendants-titleholders foreclosed.

**IT IS THEREFORE ORDERED,** that unless the sums hereinabove found to be due to

Plaintiff Deutsche Bank National Trust Company, as trustee of Argent Mortgage Securities, Inc.

Asset Backed Pass Through Certificates, Series 2005-W5 under the Pooling and Servicing

Agreement dated as of November 1, 2005, and the costs of this action, be fully paid within ten

(10) days from the date of the entry of this decree, the equity of redemption of the defendants-

titleholders in said real estate shall be foreclosed and the real estate sold, free and clear of the

interest of all parties herein, and an order of sale shall issue to a Master Commissioner, directing

him to seize, maintain control and custody, and sell same at public sale on the steps of the

Cuyahoga County Courthouse, Cleveland, Ohio or by other commercially feasible means, as

upon execution and according to law, after having the property advertised according to law,

particularly 28 U.S.C. §§ 2001 and 2002.  The Master Commissioner shall report his proceedings

to this Court.

        **ORDERED FURTHER**, that the Master Commissioner shall send counsel for the party

requesting the Order of Sale a copy of the publication notice promptly upon its first publication.

        In the event that an Order of Sale is returned by the Master Commissioner unexecuted,

subsequent Orders of Sale shall issue in accord with the Court's instructions.

        **ORDERED FURTHER**, that the Master Commissioner, upon confirmation of said sale,

shall pay from the proceeds of said sale, upon the claims herein found, the amounts thereof in the

following order of priority:

1.      To the Treasurer of Cuyahoga County, the taxes and assessments, due and

        payable as of the date of transfer of the property after the Master Commissioner's

        Sale.

2.      To the plaintiff Deutsche Bank National Trust Company, as trustee of Argent

        Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series

        2005-W5 under the Pooling and Servicing Agreement dated as of November 1,

2005, the sum of $98,530.59, with interest at the rate of 7.763 percent per annum

from December 1, 2005, together with late charges, plus advances, if any, made

by Plaintiff to protect its interest in the Property, plus costs and expenses incurred

by Plaintiff to enforce its rights under the Note and Mortgage.

3.      The balance of the sale proceeds, if any, shall be held by the Master

Commissioner to await further orders of distribution by this Court.

The purchaser of the property being sold is hereby subrogated to all rights of the

lienholders in the premises to the extent of such payment and for the protection of its title.

Because Plaintiff is the first and best lienholder junior only to real estate taxes, if it is the

successful bidder at the Master Commissioner's sale, Plaintiff shall not be required to make a

deposit at the time of sale.  Plaintiff shall pay the balance of all the Master Commissioner's costs

due and owing, and real estate taxes due and payable, when they are ascertained.

Upon distribution of the proceeds of sale as described above and entry of an order

confirming the sale and ordering a deed to the purchaser, a certified copy of the entry shall be

issued to the Cuyahoga County Recorder directing him or her to enter the same on the margin of

the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

**IT IS SO ORDERED.**

 /s/ Patricia A. Gaughan             9/6/06
JUDGE PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

G:\Cases - TM\06-06702\msj-060801-JJD.WPD